IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:10-CV-153-FL

| | |
|---|---|
| WESTERN SURETY COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>MITEX ROOFING, INC., JOHN )<br>BROSNAHAN; KIMBERLY )<br>BROSNAHAN; and, RUDOLPH RAY )<br>MARTINEZ, )<br>)<br>Defendants. ) | **ORDER DENYING<br>ENTRY OF DEFAULT** |

On April 25, 2012, plaintiff filed a motion for entry of default against defendant Rudolph Ray Martinez ("Martinez" or "defendant") [D.E. 25]. Plaintiff asserts that Martinez received the summons and complaint by personal service on August 24, 2010, but failed to file an answer or response. According to plaintiff, defendant's answer or response to the complaint was due September 14, 2010. Plaintiff alleges that default is proper under Rule 55(a) of the Federal Rules of Civil Procedure because Martinez has failed to plead or otherwise defend.

Plaintiff acknowledges that on August 12, 2010, Martinez filed for bankruptcy protection in the United States Bankruptcy Court in the Middle District of North Carolina. On January 27, 2011, and March 29, 2011, this court entered orders staying this action against Martinez pending the conclusion of his bankruptcy case or other directive from the bankruptcy court [D.E. 15, 19]. Counsel was directed to notify the court immediately upon the conclusion of the bankruptcy proceedings *and* to provide a copy of the final order from the bankruptcy court. On April 11, 2012, the court, upon its own initiative, ordered the parties to file a joint status report within fourteen days from entry of the order [D.E. 24]. The court also directed the parties to state the outcome of the

bankruptcy proceedings, as previously ordered, and to show cause why this case should remain on the docket.

The docket does not reflect compliance with the court's orders of January 28, 2011, March 29, 2011, and April 11, 2012 [D.E. 15, 19, 24]. Further, the court has not yet lifted the stay of proceedings as to Martinez. Accordingly, plaintiff's motion for entry of default is premature and is DENIED without prejudice [D.E. 25].

SO ORDERED. This 31st day of May 2012.

Julie A. Richards, Clerk of Court

2

Case 7:10-cv-00153-FL   Document 28   Filed 05/31/12   Page 2 of 2