UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Civil Action No. 7:10-cv-00153-FL

| | |
|---|---|
| WESTERN SURETY COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MITEX ROOFING, INC., | ) |
| JOHN VINCENT BROSNAHAN, | ) |
| KIMBERLY BROSNAHAN, and | ) |
| RUDOLPH RAY MARTINEZ, | ) |
| | ) |
| Defendants. | ) |
| | ) |

ENTRY OF DEFAULT AGAINST DEFENDANT
RUDOLPH RAY MARTINEZ

THIS CAUSE coming on to be heard and being heard before the undersigned United States District Clerk, upon motion of Plaintiff Western Surety Company (hereinafter "Plaintiff"), pursuant to Rule 55 of the Federal Rules of Civil Procedure, for entry of default against Defendant Rudolph Ray Martinez (hereinafter "Defendant" or "Martinez"), and it appearing to the Court that:

1. Plaintiff filed a Complaint with this Court on August 5, 2010.

2. A Civil Summons was issued on August 5, 2010, directed to Defendant Rudolph Ray Martinez, and was served, along with the Complaint, via hand delivery by Michael Van Keuren, Process Server, to Defendant Martinez at 3020 Strawberry Road, Matthews, North Carolina 28104, on August 24, 2010, as authorized pursuant to Rule 4(e)(2)(B) of the Federal

Rules of Civil Procedure; service is evidenced by the Affidavit of Service filed on September 13, 2010.

3. Pursuant to Rule 12(a)(1)(A)(i) of the Federal Rules of Civil Procedure, Defendant Martinez was required to serve his answer or otherwise respond to the claims set forth in Plaintiff's Complaint within 21 days after service of the Civil Summons and Complaint, through and including September 14, 2010.

4. September 14, 2010 has passed and Defendant Martinez has failed to file or serve an answer or otherwise respond to the claims against him.

5. On August 12, 2010, Martinez filed for bankruptcy protection in the United States Bankruptcy Court, Middle District of North Carolina, Winston Salem Division, Case No. 10-51529 ("Bankruptcy Case").

6. However, on June 29, 2011, the Bankruptcy Case was dismissed by Notice of Order Dismissing Case, entered by the United States Bankruptcy Court for the Middle District of North Carolina.

7. Defendant Martinez has been dismissed from bankruptcy by the United States Bankruptcy Court for the Middle District of North Carolina; as such, the automatic stay is no longer in place as to Defendant Martinez in this litigation based on 11 U.S.C. § 362(c)(2)(B), which provides that the automatic stay ceases "at the time the case is dismissed."

BASED ON THE FOREGOING FINDINGS OF FACT, THE COURT CONCLUDES AS A MATTER OF LAW that Defendant Rudolph Ray Martinez is subject to Entry of Default on Plaintiff's claims.

BASED UPON THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS THEREFORE ORDERED, ADJUDGED AND DECREED, that Default is hereby entered against Defendant Rudolph Ray Martinez on Plaintiff's claims.

This the 11th day of July, 2012.

_Julie A. Richards_
United States District Clerk

2

Case 7:10-cv-00153-FL   Document 31   Filed 07/11/12   Page 3 of 3