UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Civil Action No. 7:10-cv-00153-FL

| | |
|---|---|
| WESTERN SURETY COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MITEX ROOFING, INC., | ) |
| JOHN VINCENT BROSNAHAN, | ) |
| KIMBERLY BROSNAHAN, and | ) |
| RUDOLPH RAY MARTINEZ, | ) |
| | ) |
| Defendants. | ) |
| | ) |

---

DEFAULT JUDGMENT AGAINST DEFENDANT
RUDOLPH RAY MARTINEZ

---

THIS CAUSE coming on to be heard before the undersigned, upon motion of Plaintiff Western Surety Company (hereinafter "Plaintiff"), pursuant to Rule 55 of the Federal Rules of Civil Procedure, for judgment by default against Defendant Rudolph Ray Martinez (hereinafter "Defendant" or "Martinez"), and it appearing to the Court that:

1. Plaintiff filed a Complaint with this Court on August 5, 2010.

2. A Civil Summons was issued on August 5, 2010, directed to Defendant Rudolph Ray Martinez, and was served, along with the Complaint, via hand delivery by Michael Van Keuren, Process Server, to Defendant Martinez at 3020 Strawberry Road, Matthews, North Carolina 28104, on August 24, 2010, as authorized pursuant to Rule 4(e)(2)(B) of the Federal Rules of Civil Procedure; service is evidenced by the Affidavit of Service filed on September 13, 2010.

3. Pursuant to Rule 12(a)(1)(A)(i) of the Federal Rules of Civil Procedure, Defendant Martinez was required to serve his answer or otherwise respond to the claims set forth in Plaintiff's Complaint within 21 days after service of the Civil Summons and Complaint, through and including September 14, 2010.

4. September 14, 2010 has passed and Defendant Martinez has failed to file or serve an answer or otherwise respond to the claims against him.

5. On August 12, 2010, Martinez filed for bankruptcy protection in the United States Bankruptcy Court, Middle District of North Carolina, Winston Salem Division, Case No. 10-51529 ("Bankruptcy Case").

6. However, on June 28, 2011, the Bankruptcy Case was dismissed by Order entered on the same date.

7. Defendant Martinez's default was entered by the Clerk of the United States District Court, Eastern District of North Carolina, Southern Division, and no proceedings have been taken by Defendants since default was entered.

8. Defendant Martinez is jointly and severally liable to Plaintiff, along with the other Defendants, for damages by reason of the facts shown in the Complaint and in the Affidavit of Bryan M. Seifert, which are incorporated herein by reference.

9. Defendant is jointly and severally liable to Plaintiff, along with the other Defendants, in damages for the sum certain of $454,297.11, plus interest from the date of breach at the legal rate until paid in full, by reason of the facts shown in the verified Complaint and in the Affidavit of Bryan M. Seifert.

10. Upon information and belief, Defendant is not under any legal disabilities, nor is Defendant an infant, incompetent person or in the military service of the United States.

BASED ON THE FOREGOING FINDINGS OF FACT, THE COURT CONCLUDES AS A MATTER OF LAW that Defendant Rudolph Ray Martinez is subject to a default judgment on Plaintiff's claims.

BASED UPON THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS THEREFORE ORDERED, ADJUDGED AND DECREED, that a default judgment is hereby entered against Defendant Martinez, jointly and severally along with Defendant Mitex Roofing, Inc., on Plaintiff's claims in the amount of $454,297.11, plus interest from the date of breach at the legal rate until paid in full, pursuant to the Indemnity Agreement.

This the 7th day of August, 2012.

_____
LOUISE W. FLANAGAN
United States District Judge